IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ALFRED HORNE                                                                           PLAINTIFF

VS.                              CIVIL ACTION NO. 3:08cv739-WHB-LRA

BERNARD BOOTH, ET AL                                 DEFENDANTS

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This cause was scheduled for an omnibus hearing before the undersigned United States Magistrate Judge on June 17, 2009. Alfred Horne [hereinafter "Plaintiff"] was notified of this hearing at the mailing address that he provided to the Court, being Post Office Box 281, Jackson, Mississippi 39205. Plaintiff was not incarcerated on the date he filed his Complaint, December 4, 2008.

The notice of the hearing was mailed on April 15, 2009, and was not returned by the United States Postal Service as undeliverable. The Court must assume that Plaintiff received his notice. On April 21, 2009, Defendant David A. Sisk filed a Motion to Dismiss [#20] the Complaint against him. On April 22, 2009, Defendant Keith Denson also filed a Motion to Dismiss [#21]. Defendant Greta M. Harris and Alice Theresa Stamps filed a Motion to Dismiss [#29] on June 16, 2009. Plaintiff has not filed a response to these motions or otherwise requested extensions of time to plead.

Since the filing of his Complaint, Plaintiff has not contacted the Clerk of this Court to notify him of a new address or to inquire as to the status of his case. He failed to appear at the omnibus hearing on June 17, 2009. Attorneys Michelle High, Pelicia Hall,

and Pieter Teeuwissen all appeared at the hearing to represent the various Defendants. Several Defendants have not been served; Orders to Show Cause [#27 & 28] were entered on June 9, 2009, directing Plaintiff to provide current addresses for the unserved defendants [Bernard Booth, David Evans, and John Does], so that service could proceed.

Because Plaintiff did not attend the scheduled hearing, the Court was unable to conduct the proceedings in his absence. The Court is unable to go forward in this cause without being able to locate Plaintiff or otherwise communicate with him.

It is the opinion of the undersigned that this case should be dismissed *sua sponte* without prejudice due to Plaintiff's failure to prosecute his case and to obey the orders of the Court. In the Court's Order [#13] filed March 23, 2009, Plaintiff was notified that he was required to keep the Court informed of his current address; otherwise, his claims may be dismissed. This Court has the authority to dismiss an action for failure of a Plaintiff to prosecute or to comply with any order of the court both under FED. R. CIV. P. 41(b) and under its inherent authority. *See* **McCullough v. Lynaugh**, 835 F.2d 1126 (5th Cir. 1988)*;* **Link v. Wabash R.R. Co.**, 370 U.S. 626, 630-631 (1962). In this case, there is no indication that the statute of limitations on the Plaintiff's claims have run, so a dismissal at this juncture may not prejudice the Plaintiff's right to file a complaint on a later date.

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. **Link**, *supra*, 370 U.S. at 630. The actions of Plaintiff also

2

prejudice the rights of Defendants to promptly and fully defend the claims made against them. Defendants incurred unnecessary costs by having their attorneys attend the scheduled hearing which could not be conducted. Defendants have also incurred attorneys fees due to preparation of the motions to dismiss; Plaintiff has not responded to the motions as required under the rules of the Court.

It is obvious to the Court that this Plaintiff has lost interest in prosecuting his claims against Defendants; otherwise, he would have provided the Court with information regarding his whereabouts if he were concerned about the outcome of this litigation. For the above reasons, the undersigned recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice. Alternatively, the Motions to Dismiss filed by Defendants [#20, 23, and 29], should be granted on the merits.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; ***Douglass v. United Services Auto. Ass'n***, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 18th day of June, 2009.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE